**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HORIZONS CONDOMINIUM**
**ASSOCIATION, INC.,**

        **Plaintiff,**

**vs.**                            **Case No. 6:06-cv-418-Orl-19JGG**

**QBE INSURANCE CORPORATION,**

        **Defendant.**
_____

**ORDER**

This case comes before the Court on the following:

1.      Motion to Dismiss or for Summary Judgment or, in the Alternative, Motion to Stay or Abate Action and Incorporated Memorandum of Law, filed by Defendant QBE Insurance Corporation ("QBE") on October 16, 2006; (Doc. No. 38);

2.      Plaintiff's Opposition to Defendant QBE Insurance Corporation's Dispositive Motion to Dismiss or for Summary Judgment or, in the Alternative, Motion to Stay or Abate Action and Incorporated Memorandum of Law, filed by Plaintiff Horizons Condominium Association, Inc. ("Horizons") on October 26, 2006; (Doc. No. 40);

3.      Affidavit of Robert M. Giroux in Support of Plaintiff's Opposition to Defendant QBE Insurance Corporation's Dispositive Motion to Dismiss or

-1-

for Summary Judgment or, in the Alternative, Motion to Stay or Abate Action and Incorporated Memorandum of Law, filed by Horizons on October 27, 2006; (Doc. No. 41);

4.      Affidavit of Richard M. Beckish, Jr., and Declaration of Jay Evans in Support of Plaintiff's Opposition to Defendant QBE Insurance Corporation's Dispositive Motion to Dismiss or for Summary Judgment or, in the Alternative, Motion to Stay or Abate Action and Incorporated Memorandum of Law, filed by Horizons on October 30, 2006; (Doc. Nos. 44-45);

5.      Motion for Leave to File Reply Brief to Plaintiff's Opposition to Defendant QBE Insurance Corporation's Dispositive Motion to Dismiss or for Summary Judgment or, in the Alternative, Motion to Stay or Abate Action and Incorporated Memorandum of Law, filed by QBE on November 2, 2006; (Doc. No. 46); and

6.      Opposition to Defendant QBE Insurance Corporation's Motion for Leave to File Reply Brief to Plaintiff's Opposition to Defendant QBE Insurance Corporation's Dispositive Motion to Dismiss or for Summary Judgment or, in the Alternative, Motion to Stay or Abate Action and Incorporated Memorandum of Law, filed by Plaintiff on November 13, 2006.  (Doc. No. 47).

## Background

The following allegations are taken from Horizons' Complaint.  (*See* Doc. No. 2, filed on April 4, 2006).  On June 12, 2004, Defendant QBE issued an insurance policy to

Horizons insuring Horizons' property in Volusia County, Florida against windstorm damage for up to $10,784,291.00. (*See id*. at ¶ 7). The policy in question was in effect during and through August and September of 2004. (*See id.*).

In August and September of 2004, the property in question was allegedly damaged by wind from Hurricanes Charlie, Frances, and Jeanne. (*See id.* at ¶¶ 9-11). Horizons alleges that it timely and properly notified QBE of the wind damage and complied with the policy provisions regarding proof of loss and inspection by QBE's examiners. (*See id*. at ¶¶ 12-15). Horizons further alleges that QBE has intentionally avoided its obligations under the policy to pay Horizons' insurance claims by instructing its agents not to follow proper procedures, engaging in a pattern of deception and bad faith, making redundant requests for information previously provided by Horizons, and not providing information to Horizons as required under the policy and under Florida law. (*See id*. at ¶¶ 16, 19-20, 26). At the time the Complaint was filed, QBE had not evaluated Horizons' claim or paid any compensation. (*See id*. at ¶ 23). Plaintiff avers that QBE's actions amount to breach of contract. (*See generally id.*).

QBE now files the instant Motion to Dismiss or Motion for Summary Judgment, arguing that summary judgment is warranted because Horizons has failed to comply with conditions precedent to filing suit contained in the policy in question and has also materially breached the agreement. QBE argues in the alternative that should the Court fail to dismiss the lawsuit or grant summary judgment, the Court should stay or abate the instant action until Horizons completely complies with its post-loss obligations under the policy. (*See* Doc. No. 38, pp. 8-9).

-3-

In its response, Horizons argues that QBE has not established a proper basis for dismissal or summary judgment. It further argues that the materials upon which QBE seeks to rely in support of its Motion for Summary Judgment are presented without proper foundation to be admitted as evidence. (*See* Doc. No. 40, pp. 1-2). Finally, Horizons argues that if the Court finds QBE's arguments to be meritorious, the Court should stay or abate the instant case rather than dismiss it so that QBE can examine several of Horizons' corporate officers, as QBE argues is required to be done under the policy. (*See id*. at p. 5).

## Analysis

### A.  Motion to Dismiss

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached to it as exhibits. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In the instant case, although QBE styles its Motion as a motion to dismiss as well as a motion for summary judgment, it offers no evidence, argument, or authority in support of its contention that the instant case should be dismissed for failure to state a claim upon which relief can be granted. In Florida, a plaintiff pleading a cause of action for breach of contract

must show the existence of a contract between the parties, a material breach by one of the parties, and damages proximately caused by the breach.  *See, e.g., Beck v. Lazard Freres & Co. LLC*, 175 F.3d 913, 914 (11th Cir.1999).  Considering the allegations of the Complaint as true, and accepting all reasonable inferences therefrom, the Court finds that Horizons has adequately stated a claim for relief for breach of contract under Florida law.  Thus, the Court will deny QBE's motion to dismiss.

### B.  Motion for Summary Judgment

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party."  *Id.*  The moving party bears the burden of proving that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied its burden, a court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party.  *Anderson*, 477 U.S. at 255.  The court may not weigh conflicting evidence or weigh the credibility of the parties.  *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993) (citation omitted).  If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then a court must not grant

summary judgment. *Id.* (citation omitted).

Once a movant who does not bear the burden of proof on the pertinent claim or defense satisfies its initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact, the burden shifts to the party bearing the burden of proof on the pertinent claim or defense to come forward with specific facts showing that there is a genuine issue for trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-movant must demonstrate that there is a material issue of fact that precludes summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). "A mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990) (citing *Anderson*, 477 U.S. 242). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). All justifiable inferences are to be drawn in favor of the non-movant, and the evidence presented by the non-movant is to be believed by the court. *Tipton*, 965 F.2d at 999 (quoting *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-159 (1970)). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue of material fact remaining for trial. *Matsushita*, 475 U.S. at 587 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)) (internal quotation marks omitted).

In the case at bar, the Court finds that summary judgment must be denied as several genuine issues of material fact remain to be tried.  QBE argues that summary judgment is warranted because Horizons has not produced all records relating to its insurance claims or permitted the insurer to conduct any requested examinations under oath, which QBE states are requirements under the policy.   Thus, QBE argues that summary judgment should be entered in its favor because Horizons' failure to do such acts amounts to a material breach of the policy and a failure to comply with the policy's conditions precedent to filing suit. (*See* Doc. No. 38, pp. 5-6).   As proof that Horizons has failed to comply with the requirements of the policy, QBE has submitted the affidavits of Senior Claims Examiner Andrew Bertucci and Attorney C. Deborah Bain, which attest to Horizons' failure to comply with the inspection and examination clauses of the policy, as well as outline several errors in Horizons' Sworn Statement in Proof of Loss.  (*See* Doc. Nos. 38-3 & 38-13).

The evidence submitted by Horizons in conjunction with its Memorandum in Opposition contrasts starkly with the evidence presented by QBE and demonstrates the existence of several material issues of fact regarding Horizons' alleged failure to comply with the provisions of the policy in question.  Horizons asserts that in attempting to fulfill its obligations under the policy, it submitted requested information to QBE and allowed QBE to inspect its onsite records and visit and physically inspect the property in question.  (*See, e.g.,* Doc. No. 40, p. 5).  In addition, Horizons claims that it attempted to comply with the under-oath examinations provision of the policy.  Horizons argues that it attempted to schedule the examinations of its President and several "key members" of its Board of Directors with counsel for QBE but objected only to  QBE's attempt to examine all of

Horizons' Board of Directors and every unit owner and tenant of the building in question, which Horizons argues was unreasonable, overbroad, and contrary to the intent of the policy. (*See id*. at pp. 6-7). Finally, Horizons states that after attempting to communicate with counsel for QBE regarding these issues, it received no answer. (*See, e.g.,* Doc. No. 44, ¶ 5; Doc. No. 45, ¶ 17). In support of these contentions, Horizons submits the Affidavits of Attorneys Richard M. Beckish, Robert M. Giroux, Jr., and the declaration of Licensed Public Adjuster Jay Evans. (*See* Doc. No. 41; 44-45).

Considering all inferences drawn from the underlying facts in the light most favorable to Horizons and resolving all reasonable doubts against QBE, summary judgment is not warranted in the instant case. Florida law is clear that while a total failure to comply with policy provisions made a prerequisite to suit under the policy may constitute a breach precluding recovery from the insurer as a matter of law, if the insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury. *See Haiman v. Fed. Ins. Co.*, 798 So. 2d 811, 812 (Fla. 4th DCA 2001) (quoting *Diamonds & Denims, Inc. v. First of Georgia Ins. Co.*, 417 S.E.2d 440, 441-42 (Ga. App. 1992). In the instant case, Horizons has presented evidence of both some degree of cooperation and a reasonable explanation for its alleged noncompliance. Thus, the Court will deny QBE's Motion for Summary Judgment.[1]

---

[1]    Because the Court finds that several genuine issues of material fact exist in the instant case, the Court need not address Horizons' alternative argument that some of the materials upon which QBE seeks to rely in its Motion for Summary Judgment have been presented to the Court without the proper foundation to be admitted as evidence. (*See* Doc. No. 40, pp. 1-2).

### C.  Request for a Stay or an Abatement

Defendant QBE seeks in the alternative a stay or an abatement of the instant case if the Court determines that neither dismissal nor summary judgment are warranted.  QBE argues that the case at bar should be stayed until Horizons can demonstrate complete compliance with all post-loss obligations.  (*See* Doc. No. 38, p. 9).  Much like its request for dismissal, QBE offers no separate or independent grounds to stay the instant case other than its arguments on behalf of its request for summary judgment.  In response, Plaintiff Horizons states that it would agree to a stay only if the Court determined that QBE was partially successful in its motion for summary judgment in proving that Horizons was not in full compliance with the conditions precedent and that Horizons' Complaint was filed prematurely in the instant case.  (*See* Doc. 40, p. 3).

As the Court finds that issues of fact remain regarding whether Horizons was in full compliance with the conditions precedent at issue in the instant case, the Court will deny QBE's request for a stay or abatement.  The request is opposed by Horizons, and QBE has demonstrated no valid grounds to grant its request.  Thus, the Court denies, without prejudice to reassertion, QBE's request to stay or abate the case.

### D.  Motion for Leave to File Reply Brief

QBE has also filed a Motion for Leave to File a Reply Brief in the instant case. (Doc. No. 46).  Horizons opposes the motion on the grounds that it is unnecessary, duplicative and fails to specify the length of the proposed filing as required by Local Rule 3.01.  (*See* Doc. No. 47).  After reviewing QBE's Motion, the Court finds that the issues which QBE seeks to address in its proposed reply brief would only further demonstrate the

existence of genuine issues of material fact present in the instant case.[2]  Thus, the Court

denies QBE's request to file a reply brief.

### Conclusion

Based on the foregoing, the Motion for Leave to File Reply Brief to Plaintiff's

Opposition to Defendant QBE Insurance Corporation's Dispositive Motion to Dismiss or for

Summary Judgment or, in the Alternative, Motion to Stay or Abate Action and Incorporated

Memorandum of Law, filed by QBE on November 2, 2006, (Doc. No. 46), is **DENIED**.

The Motion to Dismiss or for Summary Judgment or, in the Alternative, Motion to

Stay or Abate Action and Incorporated Memorandum of Law, filed by QBE on October 16,

2006, (Doc. No. 38), is **DENIED** in the following respects:

a.      QBE's request for dismissal or summary judgment in the instant case is

   **DENIED**.

b.      QBE's request for a stay or an abatement of the instant case is **DENIED**

   **without prejudice**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 29th day of January, 2007.


PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2]      For example, QBE seeks to present evidence in its Reply Brief that Plaintiff has
presented inaccurate allegations and allegations of telephone conversations which
did not occur.  (*See* Doc. No. 46, p. 2).

Copies furnished to:

Counsel of Record